PER CURIAM.
Gloria I. Medina (Medina) on behalf of herself and her two minor children, on March 5,1998, applied for food stamps and WAGES benefits which are issued by the appellee Department of Children and Families (Department). The record indicates that Medina withdrew $1,000 from her checking account shortly before mak *605 ing her application. The Department denied Medina’s application when she failed to adequately account for these funds. The Department also disqualified her from future eligibility for a period of ninety days.
Medina requested and was granted a hearing. The hearing officer, on July 22, 1998, issued a decision upholding the Department’s denial of Medina’s application. The hearing officer also found that the ninety day sanction of ineligibility was improper because there was insufficient evidence of an intentional violation. However, the hearing officer found the error to be harmless since Medina had not applied for benefits during this time period.
Rule 65A-1.205(d) of the Florida Administrative Code provides that if an applicant fails to provide certain verification or information as requested by the Department, the application will be denied. The record in the instant case indicates that Medina failed to provide the required verification to adequately account for the money that she had withdrawn from her account shortly before the date of her application. Thus, the Department properly denied her application for benefits.
Medina argues that the ninety day sanction of ineligibility was not harmless error. We agree. The sanction becomes part of Medina’s permanent food stamp record and may be prejudicial to her in the event she applies for benefits in the future.
Accordingly, we REVERSE that portion of the order which upheld the ninety day sanction imposed for an intentional program violation, with directions that it be stricken from her record.
We AFFIRM the denial of benefits with respect to Medina’s application of March 5, 1998.
ALLEN, LAWRENCE and BENTON, JJ., CONCUR.